**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | | |
|---|---|---|
| DARRYL SPEARS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | 1:04-cv-0273-RLY-TAB |
| | ) | |
| MR. WOODS, | ) | |
| MR. SHEIVLY, | ) | |
| MR. BRUMNER, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Motion for Summary Judgment**

"Federal courts must take cognizance of the valid constitutional claims of prison inmates." *Babcock v. White,* 102 F.3d 267, 275 (7th Cir. 1996) (quoting *Turner v. Safley,* 482 U.S. 78, 84, 107 S. Ct. 2254, 2259 (1987)). Among the conditions covered by the blanket of the Eighth Amendment are reasonable measures "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan,* 511 U.S. 825 (1994) (internal quotations omitted). That is the right which plaintiff Darryl Spears ("Spears"), a state prisoner, seeks to vindicate through this civil rights action for damages against employees of the Indiana Department of Correction at the Correctional Industrial Facility ("CIF").

The defendants seek resolution of Spears' claim through the entry of summary judgment based not on the merits of the Eighth Amendment guarantee here, but on the preliminary question of whether Spears exhausted his available administrative remedies prior to filing this action. Summary judgment

> is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). In evaluating whether a genuine issue of material fact exists, all evidence and inferences must be viewed in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255 (1986); *Balderston v. Fairbanks Morse Engine Div. of Coltec Indus.,* 328 F.3d 309, 320 (7th Cir. 2003).

*Scott v. Edinburgh,* 346 F.3d 752, 755 (7th Cir. 2003). To survive summary judgment, the non-movant Spears must set forth "specific facts showing that there is a genuine issue for trial." **FED.R.CIV.P.** 56(e). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson,* 477 U.S. at 248).

The Prison Litigation Reform Act requires that a prisoner exhaust his administrative remedies before bringing a suit concerning prison conditions under 42 U.S.C. § 1983. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). This requirement applies to the treatment alleged by the plaintiff in his complaint. *Id.* at 532 (the exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."). "In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'" *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "Failure to [follow state rules about the time and content of grievances] means failure to use (and thus to exhaust) available remedies." *Riccardo v. Rausch,* 375 F.3d 521, 524 (7th Cir. 2004). The analysis which is to be undertaken in these circumstances is the following:

> [I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim . . . . [C]ourts merely need to ask whether the institution has an internal administrative grievance procedure. . . . [I]f such an administrative process is in place, then § 1997e(a) requires inmates to exhaust those procedures before bringing a prison conditions claim.

*Massey v. Helman,* 196 F.3d 727, 733-34 (7th Cir. 1999).

The evidentiary record pertaining to the motion for summary judgment shows the following:

- Spears alleges that the defendants violated his right to be free from cruel and unusual punishments when he was assaulted on November 25, 2003, by two other inmates at the CIF.

- The CIF has a grievance procedure wherein inmates can file grievances related to any condition of confinement.

- The grievance process just described involves up to five steps. The first step consists of the inmate submitting a complaint to a counselor. If the grievance is not resolved at the counselor level, the inmate may continue the process through a series of appeals through five levels or steps.

- Spears contends that he filed a Step 1 grievance on November 26, 2003, and received no response. Although this contention is disputed, it is accepted as true for the purpose of resolving the defendants' motion for summary judgment.

- The CIF grievance process provides that if staff does not respond to a grievance within the prescribed time, the inmate is entitled to proceed to the next step of the process unless there has been an authorized extension of time for staff to respond. Rather than proceed in this fashion, *i.e.,* with Step 2 of the grievance process, Spears attempted to re-file his grievance at Step 1.  When he did so, it was rejected as not having been timely filed relative to the incident on November 25, 2003.

The evidentiary record most favorable to Spears, as the non-movant, thus shows that (1) at the time of Spears' confinement at the CIF there was an administrative remedy system, (2) Spears' claim in this lawsuit was within the scope of issues and concerns which could have been presented through the grievance procedure, (3) Spears filed a grievance, but when it was not responded to in a timely manner he re-filed a Step 1 grievance, rather than appealing to the next step. Spears thereby failed to submit inmate complaints and appeals in the place, and at the time, the prison's administrative rules require. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that Spears' action should not have been brought and must now be dismissed without prejudice. See *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004). The motion for summary judgment on that basis must therefore be **granted.** Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  06/29/2005

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana